SHAHANE HARUTYUNYAN, ESQ. (SBN 311736)
KOLB CLARE & ARNOLD, PSC
9400 Williamsburg Plaza, Suite 200
Louisville, KY 40222
(818) 794-0399
(844) 557-4329 Facsimile
sharut@kcalegal.com

Attorneys for Plaintiff
The Board of Trustees of the Southwest Carpenters Health and Welfare Trust

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTWEST CARPENTERS HEALTH AND WELFARE TRUST,<br><br>Plaintiff,<br>vs.<br><br>VELORIA JACKSON, DARWIN JACKSON and KELLY & LYONS, PLLC,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 2:22-CV-4137<br><br>**COMPLAINT** |

Plaintiff, Board of Trustees of Southwest Carpenters Health and Welfare Trust, by and through undersigned counsel, and for its Complaint against the Defendant, states and alleges as follows:

///

///

COMPLAINT
- 1 -

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1000-1461.

2. Plaintiff is plan administrator and fiduciary of the Southwest Carpenters Health and Welfare Plan for Active Carpenters (hereinafter "the SWC Plan"). The SWC Plan is a self-funded employee welfare benefit plan. Plaintiff is authorized to bring this action on behalf of all SWC Plan participants to enforce the terms of the SWC Plan and to protect the assets of the SWC Plan under 29 U.S.C. §1132(a)(3) and federal common law.

3. This is an action for the imposition of an equitable lien by agreement over identifiable funds in the possession and/or control of the Defendants. No money damages are being sought from the Defendants in this matter.

4. Defendants, Veloria and Darwin Jackson, are residents of the State of Arizona and may be personally served at their residence at 500 State Road 4, Apartment 566, Pinon, Arizona, 86510.

5. Defendant, Kelly & Lyons, PLLC, is an Arizona professional limited liability corporation and may be served via its registered agent for service of process at 5020 E. Shea Blvd., Suite 150, Scottsdale, Arizona 85254.

///

COMPLAINT
- 2 -

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

7. Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the plan is administered in this district.

## FACTUAL ALLEGATIONS

8. At all times relevant herein, Darwin Jackson was a participant in the SWC Plan.

9. Darwin Jackson enrolled his daughter, Cyndi Jackson, as a beneficiary of the SWC Plan.

10. On or about February 5, 2020, Cyndi Jackson presented at Chinle Hospital for abdominal pain, back pain, and a burning sensation when urinating where she was diagnosed with symptomatic diverticulum with a possible sealed perforation.

11. Chinle Hospital arranged for Cyndi Jackson to be transferred to Phoenix Children's Hospital via fixed-wing aircraft.

12. Cyndi Jackson was admitted to Phoenix Children's Hospital on February 6, 2020.

13. Cyndi Jackson died at Phoenix Children's Hospital on February 9, 2020.

///

14. On July 16, 2020, Darwin and Veloria Jackson filed a medical malpractice lawsuit against Children's Healthcare of Arizona, Inc. d/b/a Phoenix Children's Hospital in the Superior Court in and for the County of Maricopa, Case No. CV2020-008279 ("Malpractice Lawsuit"). A true and correct copy of the Malpractice Lawsuit is attached as Exhibit 1.

15. The Malpractice Lawsuit alleged medical negligence in the care and treatment of Cyndi Jackson and sought "economic damages incurred by Cyndi's Estate including medical bills…" in addition to other damages.

16. On April 4, 2022, Veloria and Darwin Jackson settled the claims alleged in the Malpractice Lawsuit for a confidential amount.

17. Contemporaneous with the settlement, Veloria and Darwin Jackson signed a "Memorandum of Settlement Agreement" advising that settlement resolved "all claims asserted or which could be asserted" in the Malpractice Lawsuit.

18. The Memorandum of Settlement Agreement was signed by Veloria Jackson on behalf of herself, and on behalf of the Statutory Beneficiaries of the wrongful death claim.

19. The Memorandum of Settlement Agreement was signed by Darwin Jackson on behalf of himself, and on behalf of the Estate of Cyndi Jackson.

20. At no time prior to the settlement, did Veloria and/or Darwin Jackson withdraw the claim for medical bills incurred for treatment of Cyndi Jackson.

21. A portion of the settlement in the amount of $105,569.44 is being held in the trust account of Defendant Kelly & Lyons, PLLC. The remainder of the settlement has been disbursed to Veloria and Darwin and/or Kelly & Jackson, PLLC.

22. The SWC Plan paid benefits in the amount of $105,569.44 on behalf of Cyndi Jackson for medical treatment associated with the alleged medical negligence of Phoenix Children's Hospital.

23. The SWC Plan contains an express provision which provides: "Notwithstanding any allocation or designation of your recovery (e.g. pain and suffering) made in a settlement agreement or court order, the Plan shall have a right of full recovery, in first priority, against any recovery." The SWC Plan further provides: "If the covered person is a minor, any amount recovered by the minor, the minor's trustee, guardian, parent, or other representative, shall be subject to this provision. Likewise, if the covered person's relatives, heirs, and/or assignees make any recovery because of injuries sustained by the covered person, that recovery shall be subject to this provision." Attached hereto as Exhibit 2 is a true and correct copy of the applicable provision of the SWC Plan for claims, which are incorporated by reference.

24. Despite requests, the Defendants have failed to reimburse the SWC Plan the amount owed from the proceeds of settlement of the Malpractice Lawsuit and therefore breached the terms of the SWC Plan.

COMPLAINT
- 5 -

## COUNT I: EQUITABLE LIEN ON SETTLEMENT PROCEEDS HELD BY KELLY & LYONS, PLLC

25. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 24 above.

26. Upon information and belief, the settlement proceeds from the resolution of Defendants Veloria and Darwin Jackson were deposited into the Kelly & Lyons, PLLC trust account.

27. Upon information and belief, a portion of the settlement in the amount of $105,569.44 remains in the Kelly trust account.

28. Upon information and belief, Kelly & Lyons, PLLC is in possession of funds that in equity and good conscience belong to the SWC Plan.

29. Defendant Kelly & Lyons, PLLC should be ordered to turn over to the SWC Plan any proceeds of the settlement of Malpractice Lawsuit held in its trust account, up to $105,569.44.

30. This Court should impose an equitable lien by agreement on the trust account of Kelly & Lyons, PLLC, or any other account of Defendant Kelly & Lyons, PLLC into which the proceeds of the Jackson's settlement were deposited.

///

///

///

## COUNT II: EQUITABLE LIEN ON SETTLEMENT PROCEEDS PAID TO DEFENDANTS VELORIA AND DARWIN JACKSON

31. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30 above.

32. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff seeks equitable relief against the Malpractice Lawsuit settlement proceeds resolving the claims of Veloria and Darwin Jackson to enforce the written terms of the SWC Plan.

33. While not in actual possession of the settlement funds in Kelly & Lyons, PLLC's trust account, Veloria and Darwin Jackson are in constructive possession of settlement funds held in trust by their counsel, and are therefore in constructive possession of funds or assets that as a matter equity and good conscience belong to the SWC Plan.

34. Veloria and Darwin Jackson may also be in actual possession of some portion of the Malpractice Lawsuit settlement, and are in actual possession of funds that as a matter of equity and good conscience belong to the SWC Plan.

35. Defendants Veloria and Darwin Jackson were on notice of the SWC Plan's rights pursuant to the written terms of the SWC Plan.

36. Defendants Veloria and Darwin Jackson have not turned over the settlement funds according to the written provisions of the SWC Plan. The SWC Plan is entitled to an equitable lien by agreement with respect to the settlement funds, or any assets

acquired with such funds, that are currently within the Jacksons' constructive possession, and may come into their actual possession.

37. Veloria and Darwin Jackson should be ordered to turn over to the SWC Plan any settlement funds in their actual or constructive possession (up to the amount of benefits advanced by the Plan on their behalf) in order to enforce the written terms of the SWC Plan.

38. This Court should impose an equitable lien by agreement in favor of the SWC Plan on any of the settlement funds or on any assets obtained with the settlement funds that is in Veloria and Darwin Jackson's actual or constructive possession.

### COUNT III: ATTORNEY FEES (AGAINST ALL DEFENDANTS)

39. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

40. Plaintiff seeks its actual attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks the following relief:

    a. For service upon the Defendants as required by law;

    b. An order imposing an equitable lien by agreement in the amount of $105,569.44 in favor of the Plaintiff upon the settlements proceeds in

COMPLAINT
- 8 -

possession of each Defendant and requiring Defendants, as constructive trustee, to transfer the funds to the Plaintiff;

c. An order imposing an equitable lien on any assets that Defendants acquired, in whole or in part, with the proceeds of the Jacksons' settlements;

d. An order enjoining Defendants from transferring or disposing of the settlements funds which would prejudice, frustrate, or impair Plaintiff's ability to recover same;

e. An order awarding reasonable attorneys' fees and costs incurred herein, pursuant to 29 U.S.C. § 1132(g)(1); and

f. Other and further equitable relief to which the Plaintiff may be entitled.

June 16, 2022

KOLB CLARE & ARNOLD, PSC

By: /s/ Shahane Harutyunyan
Shahane Harutyunyan
Kolb Clare & Arnold, PSC
9400 Williamsburg Plaza, Suite 200
Louisville, KY 40222
(818) 794-0399
(844) 557-4329 Facsimile
sharut@kcalegal.com