**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Board of Trustees of the Southwest Carpenters Health and Welfare Trust,<br><br>Plaintiff,<br><br>v.<br><br>Veloria Jackson, et al.,<br><br>Defendants. | No. CV-22-01781-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 32). The Motion is fully briefed (Docs. 37 and 39). On December 1, 2022, Defendants provided the Court with a Citation to Additional Authority in Support of the Motion to Dismiss. (Doc. 44).

**I.    Background and Procedural History**

Plaintiff Board of Trustees of the Southwest Carpenters Health and Welfare Trust is plan administrator and fiduciary of the Southwest Carpenters Health and Welfare Plan for Active Carpenters ("the Plan"). (Doc. 1 at 2).

Defendant Darwin Jackson participated in the Plan and enrolled his daughter, Cyndi Jackson, as a beneficiary of the Plan. (Doc. 1 at 3). The Plan provides that "[n]otwithstanding any allocation or designation of your recovery (e.g. pain and suffering) made in a settlement agreement or court order, the Plan shall have a right of full recovery, in first priority, against any recovery." (Id. at 5; Doc.1-2 at 131). The Plan further provides: "If the covered person is a minor, any amount recovered by the minor, the minor's trustee, guardian, parent, or other representative, shall be subject to this provision. Likewise, if the

covered person's relatives, heirs, and/or assignees make any recovery because of injuries sustained by the covered person, that recovery shall be subject to this provision."

On February 5, 2020, Cyndi Jackson was admitted to Chinle Hospital where she was diagnosed with symptomatic diverticulum and a possible sealed perforation. (Doc. 1 at 3). The following day, she was flown to Phoenix Children's Hospital, where she died on February 9, 2020. (Id.) The SWC Plan paid $105,569.44 worth of benefits on behalf of Cyndi Jackson for medical treatment associated with Cyndi's treatment at Phoenix Children's Hospital. (Doc. 1 at 5).

On July 16, 2020, Darwin and his wife, co-Defendant Veloria Jackson, filed a medical malpractice lawsuit against the Phoenix Children's Hospital in Arizona state court. (Doc. 1-1 at 1). That lawsuit sought "economic damages incurred by Cyndi's Estate including medical bills…" as well as other damages. (Doc. 1 at 4). On April 4, 2022, Darwin and Veloria Jackson settled the claims alleged in that lawsuit for a confidential amount. (Id.) Alongside the settlement, the Jacksons—on behalf of themselves, the Estate of Cyndi Jackson, and the Statutory Beneficiaries of the wrongful death claim—signed a "Memorandum of Settlement Agreement" which states that the settlement resolved "all claims asserted or which could be asserted" in the malpractice lawsuit. (Id.)

$105,569.44 of the settlement is being held in the trust account of the law firm that represented the Jacksons in their malpractice suit, Kelly & Lyons, PLLC. (Id. at 5). The remainder of the settlement has been disbursed to the Jacksons and/or to Kelly & Lyons, PLLC. (Id.)

On June 16, 2022, Plaintiff filed a Complaint in the United States District Court for the Central District of California. (Doc. 1). The Complaint sought an equitable lien on $105,569.44 of the settlement proceeds held by Kelly & Lyons, PLLC an/or the Jacksons— the amount that the SWC Plan paid out for Cyndi's medical expenses. (Id. at 6).

On September 9, 2022, Defendants filed a Motion to Dismiss. (Doc. 32). In that Motion, Defendants asked the court to dismiss Plaintiff's complaint for (1) lack of personal jurisdiction, (2) *forum non conveniens*, (3) failure to state a claim upon which relief may

be granted, or (4) failure to join an indispensable party. (Doc. 32 at 1). Defendants' arguments under the first two theories centered around the contention that the case should not be adjudicated in California. (Id. at 5). Defendants argued that the case should be tried, if at all, in Arizona. (Id. at 10).

On October 5, 2022, Judge Stanley Blumenfeld, Jr.—the judge presiding over the case in the Central District of California—issued an order transferring the case to the District of Arizona. (Doc. 41). That order did not rule on Defendants' arguments for dismissal under Rule 12(b)(6) and (7), which remain pending. (Id.)

## II.   Discussion

The remaining arguments from Defendants' Motion to Dismiss are those centered around Rule 12(b)(6) and (7)—that is, that Plaintiff's Complaint should be dismissed for failure to state a claim and failure to join an indispensable party. However, the bulk of the parties' briefing focuses on the now-moot issues of whether the case should be tried in California or Arizona. The Court finds the briefing on the Rule 12(b)(6) and (7) issues to be too brief for the Court to issue a well-considered order. As such, the Court will dismiss Defendants' Motion to Dismiss without prejudice. Defendants are welcome to file a renewed motion to dismiss that more fully addresses their arguments under Rule 12(b)(6) and (7).

Accordingly,

**IT IS HEREBY ORDERED denying without prejudice** Defendants' Motion to Dismiss. (Doc. 32).

**IT IS FURTHER ORDERED** that Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 10th day of January, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge